IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JIMMY HAWKINS,<br>　Plaintiff,<br>　　v.<br>DEKALB COUNTY, GEORGIA, et al.,<br>　Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-2118-TWT |

ORDER

This is an excessive force case. It is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 10]. For the reasons set forth below, the Defendants' motion is GRANTED IN PART and DENIED IN PART.

I. Background

This case arises out of a traffic stop by a DeKalb County police officer. The Plaintiff, Jimmy Hawkins, says that on June 29, 2006, Officer Donald Cloudt initiated a traffic stop on his car. According to the Plaintiff, "on a previous occasion, exact date unknown, [Cloudt] informed Plaintiff that should Plaintiff ever run from Cloudt, Plaintiff would need paramedics." (Complaint ¶ 11.) The Plaintiff says that he did not trust Cloudt because of this statement. (Id.) Instead of stopping his car, the

Plaintiff tried to evade Cloudt, eventually jumping out of his car and running through a nearby apartment complex. (Id.) Cloudt was able to catch up to the Plaintiff and commanded him to stop. (Id.) The Plaintiff says that he obeyed the command and "fell to his knees and placed his hands in the air and laid out spread eagle, face down to the ground." (Id.) The Plaintiff says that he was unarmed, but that Cloudt "approached Plaintiff, forced his knee into the back of Plaintiff, grabbed Plaintiff's hand and pulled it behind Plaintiff's back, and proceed to intentionally hit Plaintiff in the head with his firearm multiple times." (Id.) As a result of the blows to his head, the Plaintiff suffered a severe loss of blood and multiple lacerations to his scalp, which required 18 stitches. (Pl.'s Response to Defs.' Motion to Dismiss and Br. in Supp. Thereof, at 15.)

This lawsuit followed. On June 25, 2008, the Plaintiff filed suit against DeKalb County, former Police Chief Nicholas Marinelli, current Police Chief Terrell Bolton, and Officer Donald Cloudt. The suit against Marinelli, Bolton, and Cloudt applied to both their personal and official capacities. In the Complaint, the Plaintiff presented claims under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, and also claims under Georgia law for negligence, battery, aggravated assault, aggravated battery, intentional infliction of emotional distress, and abuse during course of an arrest. The Defendants move to dismiss all of the Plaintiff's claims.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

III. Discussion

A. The Official Capacity Claims

The Plaintiff filed suit against Marinelli, Bolton, and Cloudt in their official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Marinelli, Bolton, and Cloudt are DeKalb County public officials and so a suit against them in their official capacities is simply a suit against DeKalb County. But the Plaintiff also filed suit against DeKalb County. "When suit is also filed against the government entity, it is appropriate for the Court to dismiss the named defendants in their official capacities as 'redundant and possibly confusing to the jury.'" Gonser v. Twiggs County, 182 F. Supp. 2d 1253, 1267 (M.D. Ga. 2002) (quoting Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991)).

The Plaintiff "concedes that all claims against Defendants Bolton and Marinelli shall be dismissed." (Pl.'s Response to Defs.' Mot. to Dismiss and Br. in Supp. Thereof, at 7.) But the Plaintiff says that the claims against Cloudt in his official capacity should remain because "Cloudt, acting in his official capacity as a police officer for Dekalb County Police Department and under color of law, has a duty to honor Plaintiff's rights to be free from abuse during arrest." (Id., at 8.) The Plaintiff has failed to state a plausible claim for relief against Cloudt in his official capacity.

A suit against Cloudt in his official capacity is a suit against DeKalb County and, in a section 1983 suit, DeKalb County cannot be held liable for the actions of Cloudt on a <u>respondeat superior</u> theory. <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). DeKalb County may only be held liable for a government policy or custom that is the "moving force" of the constitutional violation at issue. <u>Id.</u> at 694. Although the Complaint contained allegations about the policies and customs of DeKalb County, it appears from the Plaintiff's Response to the Defendants' Motion to Dismiss, that the Plaintiff has abandoned those allegations. Indeed, the Plaintiff now says that "Cloudt's actions of beating Plaintiff were in 'clear violation of the department's policy on use force.'" (Pl.'s Response to Defs.' Mot. to Dismiss and Br. In Supp. Thereof, at. 11.) The Defendants are, therefore, entitled to dismissal of all claims against Marinelli, Bolton, and Cloudt in their official capacities.

  B. <u>Defendants DeKalb County, Nicholas Marinelli, and Terrell Bolton</u>

The Plaintiff filed suit against DeKalb County, and against Marinelli and Bolton in their personal capacities. The Plaintiff now "[concedes] that the Complaint shall be dismissed against Defendants Dekalb County, Georgia, Defendant Marinelli and Defendant Bolton." (Pl.'s Response to Defs.' Mot. to Dismiss and Br. in Supp. Thereof, at 6.) The Defendants are, therefore, entitled to dismissal of all claims against DeKalb County, and against Marinelli and Bolton in their personal capacities.

C. <u>Defendant Donald Cloudt</u>

The Plaintiff filed suit against Cloudt in his personal capacity. In the Complaint, the Plaintiff presented claims under section 1983 for violation of his Fourth Amendment rights, and also claims under Georgia law for negligence, battery, aggravated assault, aggravated battery, intentional infliction of emotional distress, and abuse during course of an arrest.

The Defendant says that the claims under section 1983 should be dismissed because he is entitled to qualified immunity. "Qualified immunity shields government officials from liability for civil damages . . . while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right. <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1329 (11th Cir. 2008). Qualified immunity presents two questions. <u>Id.</u> The first question presented by qualified immunity is whether the allegations establish the violation of a constitutional right. <u>Id.</u> "In an excessive force case arising out of an arrest, whether a constitutional violation occurred is governed by the Fourth Amendment's 'objective reasonableness' standard." <u>Id.</u> Several factors are helpful in determining whether an officer's use of force was objectively reasonable, including "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, and (3) the extent of the injury inflicted." <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1198 (11th Cir. 2002).

The Plaintiff has alleged facts that, if true, establish that Cloudt's use of force was objectively unreasonable and, therefore, in violation of the Plaintiff's Fourth Amendment rights. According to the Plaintiff, once Cloudt caught up to him, the Plaintiff obeyed the officer's command to stop. (Complaint ¶ 11.) The Plaintiff says that he was unarmed and "fell to his knees and placed his hands in the air and laid out spread eagle, face down to the ground." (Id.) "Defendant Cloudt then approached Plaintiff, forced his knee into the back of Plaintiff, grabbed Plaintiff's hand and pulled it behind Plaintiff's back, and proceeded to intentionally hit Plaintiff in the head with his firearm multiple times." (Id.) Under these circumstances, there was very little need to use force. At the time Cloudt struck the Plaintiff with his firearm, the Plaintiff was not resisting arrest. Because the Plaintiff was pinned to the ground with one his hands behind his back, the Plaintiff also did not pose any risk of danger. While there was little need for force, the amount of force allegedly used was quite substantial. "[S]triking a suspect in the head with a . . . blunt instrument at least poses a 'substantial risk of serious bodily injury,' if not death." Baltimore v. City of Albany, 183 Fed. Appx. 891, 898 (11th Cir. 2006). As a result of the blows to his head, the Plaintiff suffered multiple lacerations to his scalp, which required 18 stitches. (Pl.'s Response to Defs.' Motion to Dismiss and Br. in Supp. Thereof, at 15.)

The second question presented by qualified immunity is whether the constitutional right was clearly established at the time the violation occurred. Hadley, 526 F.3d at 1329. "For a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." Id. (internal quotations omitted). The Eleventh Circuit has stated that "[o]ur cases hold that gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." Id. at 1330. In Hadley, the court held that an officer used excessive force when he punched a suspect in the stomach, even though the suspect was handcuffed and "neither resisted arrest nor posed a danger." Id. In Slicker v. Jackson, 215 F.3d 1225 (11th Cir. 2000), the court held that officers used excessive force when "after [the suspect] was handcuffed, the officers repeatedly hit his head on the pavement, kicked him, and knocked him unconscious." Id. at 1233. In Smith v. Mattox, 127 F.3d 1416 (11th Cir. 1997), the court held that an officer used excessive force when the officer broke the arm of a suspect who "docilely submitted to arrest upon [the officer's] request for him to 'get down.'" Id. at 1418.

Under the facts alleged by the Plaintiff, it should have been obvious to Cloudt that his actions violated the Plaintiff's Fourth Amendment rights. The "clear and obvious principle" from the case law is that once a suspect submits to arrest and the

officer has physically secured the suspect so that there is no risk of danger or flight, the officer cannot use the severe and unnecessary force allegedly used here. See Lee, 284 F.3d at 1200. Moreover, the fact that the Plaintiff had attempted to evade Cloudt's traffic stop does not distinguish this case from prior case law. For example, in Smith, immediately prior to his arrest, the suspect had raised a baseball bat against the officer and then dropped the bat and fled. When the officer caught up to the suspect, the suspect "[pretended] to run again, [but then] docilely submitted to arrest upon [the officer's] request for him to 'get down.'" Smith, 127 F.3d at 1418. Despite these facts, the court held that breaking the arm of the suspect "was obviously unnecessary to restrain even a previously fractious arrestee." Id. at 1420. The same is true in this case. After pinning the Plaintiff to the ground with no resistance, striking him in the head with a firearm multiple times was obviously unnecessary and posed a substantial risk of serious bodily injury. Because the Plaintiff has alleged sufficient facts that, if true, would defeat a defense of qualified immunity, the Defendants are not entitled to dismissal of the claims under section 1983.

The Defendants also say that the claims under Georgia law should be dismissed because Cloudt is entitled under Georgia law to official immunity. Official immunity protects a county employee from tort liability for official, discretionary acts unless those acts are performed "with actual malice or with actual intent to cause injury."

Kidd v. Coates, 271 Ga. 33, 34 (1999) (quoting Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d)). Actual malice means a "deliberate intention to do a wrongful act. Such act may be accomplished with or without ill will and whether or not injury was intended." Adams v. Hazelwood, 271 Ga. 414, 415 (1999). The Plaintiff has alleged facts that, if true, establish that Cloudt acted with actual malice. The Plaintiff obeyed Cloudt's command to stop and submitted himself to arrest, with his hands in the air and face towards the ground. After pinning the Plaintiff to the ground with no resistance, Cloudt struck the Plaintiff in the head with a firearm multiple times. These facts suggest that Cloudt acted deliberately and, because it was obvious under these circumstances that such use of force was unnecessary, Cloudt deliberately intended to commit a wrongful act. Because the Plaintiff has alleged sufficient facts that, if true, would defeat a defense of official immunity, the Defendant is not entitled to dismissal of the claims under Georgia law.

## IV. Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 10] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 17 day of November, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge